**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL N. OKAFOR, | No. 18-55238 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-01626-CJC-JCG |
| v. | |
| STATE OF CALIFORNIA DEPARTMENT OF CONSERVATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 12, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and WATSON,[**] District
Judge.

Plaintiff Michael Okafor appeals the summary judgment entered in favor of

Defendant, the California Department of Conservation, on his employment

discrimination and retaliation claims. Reviewing de novo, and viewing the

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Watson, United States District Judge for the
Southern District of Ohio, sitting by designation.

evidence in the light most favorable to Plaintiff, <u>Albino v. Baca</u>, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), we affirm.

1. The district court did not err by considering declarations that Defendant provided to supplement the deposition testimony of its Federal Rule of Civil Procedure 30(b)(6) designee. Plaintiff focused on one statement from that deposition, taken out of context, to argue that the declarations contradicted Defendant's purported admission that it had no criteria for selecting employees to participate in the training from which Plaintiff was excluded. But, considering the deposition as a whole, the declarations merely clarified the designee's testimony about the various factors that might affect which employees attended training. Although an entity defendant may not defeat a motion for summary judgment by submitting an affidavit that conflicts with its Rule 30(b)(6) deposition, that general rule "applies only where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict, <u>i.e.</u>, where it cannot be deemed as clarifying or simply providing full context for the Rule 30(b)(6) deposition." <u>Snapp v. United Transp. Union</u>, 889 F.3d 1088, 1103 (9th Cir. 2018), <u>cert. denied</u>, 139 S. Ct. 817 (2019).

2. The district court correctly granted summary judgment to Defendant on Plaintiff's discrimination and retaliation claims under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–12996.  Even assuming that Plaintiff made out a prima facie case, his claims fail because he offered no evidence that created a genuine issue of material fact as to whether Defendant's legitimate, nondiscriminatory reasons for its actions were pretextual.  Mayes v. WinCo Holdings, Inc., 846 F.3d 1274, 1280 (9th Cir. 2017); see Guz v. Bechtel Nat'l, Inc., 8 P.3d 1089, 1113–14 (Cal. 2000) (recognizing that the burden-shifting framework from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to discrimination claims under FEHA).

We are unpersuaded by Plaintiff's contention at oral argument that he had no opportunity to respond to the supplemental declarations.  The additional fact witnesses who provided declarations were disclosed during the Rule 30(b)(6) deposition, but Plaintiff did not depose those witnesses, obtain any declarations except his own, or seek additional time to conduct further discovery.  Whatever the reason for Plaintiff's failure, he simply did not present any evidence of pretext.

3.  Likewise, the district court correctly granted summary judgment to Defendant on Plaintiff's FEHA claim for "failure to prevent discrimination."  An employer cannot face liability for failing to prevent discrimination when no

3

actionable discrimination occurred.  Featherstone v. S. Cal. Permanente Med. Grp.,

217 Cal. Rptr. 3d 258, 272–73 (Ct. App. 2017).

**AFFIRMED.**